IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEKISHA MCKINLEY  and  RENISHA MCKINLEY,  Plaintiffs,  v.  METROPOLITAN LIFE INSURANCE COMPANY,  CHILD, INC.,  and  THE CHILD, INC. GROUP LIFE INSURANCE PLAN,  Defendants. | Case No. 2:26-CV-01253 |

## COMPLAINT

AND NOW COMES the Plaintiffs, LEKISHA MCKINLEY and RENISHA MCKINLEY, by and through the undersigned counsel, Life Legal Services, for their Complaint against Defendants, METROPOLITAN LIFE INSURANCE COMPANY, CHILD, INC., and THE CHILD, INC. GROUP LIFE INSURANCE PLAN, and allege as follows:

## NATURE OF ACTION

1. This is an action for relief arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1001 *et seq.*, and more particularly 29 U.S.C.

1

§1132(a)(1)(B), §1132(a)(3) and §1132(g) thereof, to recover plan benefits, redress breaches of fiduciary duties and to recover costs and attorneys' fees.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 29 U.S.C. §1132(e)(1), which grants to the federal court original jurisdiction to determine claims under 29 U.S.C. §§1001 *et seq.*, and 28 U.S.C. §1331, which grants to the federal court original jurisdiction of all actions arising under the laws of the United States.

3. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that one or more Defendants are authorized to and doing business within the Eastern District of Pennsylvania and "may be found" in the Eastern District of Pennsylvania.

## PARTIES

4. Plaintiff Lekisha McKiney is a citizen & resident of Williamson County, in the State of Texas and in all respects *sui juris*.

5. Plaintiff Renisha McKiney is a citizen & resident of Travis County, in the State of Texas and in all respects *sui juris*.

6. Plaintiffs deceased mother, Victoria Williams ("Ms. Williams"), was a participant employee under the Child, Inc. group life insurance Policy (the "Life Plan") and Plaintiffs are co-beneficiaries each entitled to 50% of the life insurance proceeds under the Life Plan in the event of Ms. William's death.

7. Defendant Metropolitan Life Insurance Company ("MetLife") is a for-profit insurance company domiciled in New York with its principal address located at 200 Park Avenue, New York, New York 10166. MetLife is authorized to do business, and does significant business, in the Commonwealth of Pennsylvania and within this judicial district. MetLife issued the Life

Plan to Child, Inc., for the benefit of Child, Inc. employees, and is authorized and required to determine claims for benefits under the Life Plan.

8. Defendant Child, Inc. ("Child Inc") is a not-for-profit organization domiciled in Texas with its principal address located at 818 East 53rd Street, Austin, Texas 78751. Child Inc is the Plan sponsor, Employer and named "Plan Administrator" of the Defendant Life Plan, within the meaning of 29 U.S.C. §1002(16)(A) & (B), responsible for determining eligibility, collecting and remitting premium payments, maintaining proper records, and informing employees regarding the Life Plan and benefits.

9. Plaintiff is advised that the formal name of the plan is Child, Inc. group life insurance Policy, Policy No. 5972398 (the "Life Plan"). The Life Plan is an employee welfare benefit plan, as defined by 29 U.S.C. §1002(1), which provides life insurance benefits in the event of the Ms. Williams' death. The Life Plan promised to pay Plaintiffs, as the named co-beneficiaries under Victoria Williams' life insurance policy, two (2) times Ms. Williams' annual salary.

## FACTUAL ALLEGATIONS

10. For over twenty-one (21+) consecutive years, Plaintiffs' now deceased mother, Victoria Williams, was employed by Child Inc. **See attached, Exhibit A – Employer/Benefit Administrator Statement**

11. As a benefit of employment, Ms. Williams was eligible to participate in Child Inc's employee benefit plans, including the group life insurance available under the Life Plan.

12. During Open Enrollment in 2002, Ms. Williams elected to enroll in various coverages, including life insurance, and was insured in the amount of two (2) times her annual salary under the Life Plan, which was issued, underwritten and had claims administered by MetLife. **Exhibit A**

13. The total amount of Ms. Williams's life insurance coverage under the Life Plan was $63,000.00, which accounts for two (2) times her annual salary. **Exhibit A**

14. In exchange for coverage under the Life Plan, Child Inc. automatically deducted premium contributions from Ms. Williams's pay for the entire course of her employment.

15. Despite numerous requests, a copy of the complete plan documents has not been provided by Defendants.

16. Under the Life Plan, coverage ends the date an employee is no longer "Actively at Work." **See attached, Exhibit B – MetLife December 6th Denial Letter**

17. However, under the Plan there are several options to continue coverage beyond Ms. Williams's last day of active employment under the Life Plan. **Exhibit B**

18. When coverage under the Life Plan does end for any reason, the insured has the right to convert group coverage to an individual policy without providing Evidence of Insurability. **Exhibit B**

19. In 2022, Ms. Williams's terminal health condition, end stage clear cell carcinoma of the uterus, caused her to stop working.

20. Despite not working, Child Inc. never terminated Ms. Williams' employment.

21. On December 23, 2022, Ms. Williams died. Her cause of death was End Stage Clear Cell Carcinoma of the uterus – the same illness that forced her to stop working earlier that year. **See Attached, Exhibit C – Texas Certificate of Death.**

22. Ms. Williams' employment status was considered "Disabled (not terminated or retired)" through her date of death. **Exhibit B**

23. Ms. Williams did not receive any notice of termination of employment, notice of termination of coverage, or notice of conversion prior to her death. **See Attached, Exhibit D, pg. 2 & 7 – Internal Email Communications, and Exhibit E – MetLife October 10th**

**Letter.**

24. Plaintiffs submitted their initial claim for benefits shortly after Ms. Williams' death.

25. On or about January 23, 2023, MetLife denied my clients' claim for benefits. The denial letter fails to provide any basis for their denial. It simply provides the definitions of "Active Work" and "Date Your Insurance Ends" and then states: "*Therefore based on the record before MetLife, we must deny your claim.*" **See Attached, Exhibit F – MetLife January 23rd Letter.**

26. In February 2023, Defendant MetLife's records reflected that Ms. Williams's policy went on Waiver of Premium as of January 20, 2022, and MetLife was instructed to revisit the denial of Plaintiffs' claim. **Exhibit D, pg. 6**

27. In September 2023, all Defendants agreed that Ms. Williams was "terminated from Child Inc. Dec 30, 2022. There was no conversion notice sent due to the employee passed away (deceased) prior to termination of employment." **Exhibit D, pg. 2**

28. In October 2023, MetLife's internal communications reflected that Ms. Williams was never removed from Child Inc. payroll and was still listed as active. As a result, she was terminated in error. One Brenda Summers (MetLife Customer Service Consultant) advised that she could "reinstate the group and correct her eligibility so her claim can be paid." She further stated; "The group and broker are worried they did something wrong when it was our error." **Exhibit D, pg. 8**

29. Following MetLife's initial denial of benefits, Plaintiffs were forced to obtain legal representation. On November 28, 2023, Plaintiffs' prior counsel, The Kadetskaya Law Firm, submitted a timely appeal for benefits to MetLife. **See Attached, Exhibit G – Kadetskaya Law November 28th Letter.**

30. On December 23, 2023, MetLife maintained denial. **Exhibit B**

5

31.     With respect to the claims made herein, Plaintiffs have exhausted all administrative remedies and/or exhaustion has been excused or is waived.

32.     MetLife has refused to pay Plaintiffs benefits owed to them under the Life Plan since January 23, 2023 through present date, despite Plaintiffs' right to these benefits.

33.     As a result of Defendants' wrongful denial of benefits and/or breach of fiduciary duties, Plaintiffs have been forced to retain the services of a second law firm and has now retained the undersigned counsel in order to prosecute this action and is obligated to pay attorney's fee.

### COUNT I: ACTION FOR PLAN BENEFITS (29 U.S.C. §1132(a)(1)(B))

*(Against MetLife and the Life Plan only)*

34.     Plaintiffs hereby reincorporate and reallege each and every fact and allegation in paragraphs 1-33 of this Complaint as if fully set forth herein.

35.     This is a claim to recover benefits, enforce rights, and clarify rights under 29 U.S.C. §1132(a)(1)(B).

36.     Pursuant to 29 U.S.C. §1132(a)(1)(B), Plaintiffs, as the properly designated beneficiaries under the AD&D Plan, are entitled to sue for judicial determination and enforcement of benefits.

37.     The wrongful conduct of Defendants has created uncertainty where none should exist, therefore, Plaintiffs are entitled to enforce their rights under the terms of the Life Plan and to clarify their rights to benefits under the terms of the Life Plan.

38.     Plaintiffs have no other adequate remedy at law to address the injuries they have suffered and will continue to suffer as a result of Defendants' failure to pay the Life Plan death

6

benefits.

39. Defendants, as an entity exercising discretionary authority of the administration and payment of benefits under the Plan, breached the Life Plan and violated ERISA in the following respects:

(a) Failing to pay Life Plan death benefits to Plaintiffs at a time when Defendants knew, or should have known, that Plaintiffs were entitled to those benefits under the terms of the Life Plan, as Ms. Williams's remained an active employee and was not terminated prior to her death and the Life Plan therefore requires coverage to be consider in effect;

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the Life Plan documents, in relation to the applicable facts and Life Plan provisions, for the termination of Plaintiffs' claim for Life Plan benefits;

(c) After Plaintiffs' claim was terminated in whole or in part, failing to adequately describe to Plaintiffs any additional material or information necessary for Plaintiffs to perfect their claim along with an explanation of why such material is or was necessary; Failing to properly and adequately investigate the merits of Plaintiffs' claim; and

(d) failing to provide a full and fair review of Plaintiffs' claim.

40. Plaintiffs believe and thereon allege that Defendants wrongfully terminated their claim for benefits under the Life Plan by other acts or omissions of which Plaintiffs are presently unaware, but which may be discovered in this future litigation and which Plaintiffs will immediately make Defendants aware of once said acts or omissions are discovered by

Plaintiffs.

41. Following the termination of benefits under the Life Plan, Plaintiffs exhausted all administrative remedies required under ERISA, and Plaintiffs have performed all duties and obligations on their part to be performed under the Life Plan.

42. As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiffs have sustained damages for the loss of Life Plan benefits in the amount of $63,000.00, pre- and post-judgment interest, and attorneys' fees and costs, for a total sum to be shown at the time of trial.

### COUNT II: BREACH OF FIDUCIARY DUTIES UNDER ERISA (29 U.S.C. §1132(a)(3))

*(Against all Defendants: MetLife, Child Inc & the Life Plan)*

43. Plaintiffs hereby reincorporate and reallege each and every fact and allegation in paragraphs 1-42 of this Complaint as if fully set forth herein.

44. ERISA imposes an obligation on fiduciaries to discharge their duties with care, skill, prudence, and diligence. 29 U.S.C. §1004(a)(1).

45. At all material times herein, MetLife was an ERISA fiduciary and owed Ms. Williams and Plaintiffs, as participant and beneficiaries, all of the duties prescribed under ERISA, including without limitation those set forth in 29 U.S.C. §1004(a).

46. At all material times herein, Child Inc. was an ERISA fiduciary and owed Ms. Williams and Plaintiffs, as participant and beneficiaries, all of the duties prescribed under ERISA, including without limitation those set forth in 29 U.S.C. §1004(a).

47. At all times material herein, the Life Plan was an ERISA fiduciary and owed Ms. Williams and Plaintiffs, as participant and beneficiaries, all of the duties prescribed under ERISA, including without limitation those set forth in 29 U.S.C. §1004(a).

48. As such, Defendants were obliged to discharge its duties solely in the interests of beneficiaries and participants for the exclusive purposes of providing beneficiaries and participants benefits, defraying reasonable expenses of the Life Plan, using all prudent skill and diligence in accordance with the documents and instruments governing the Plans. Said duties include, but are not limited to:

> (a) Knowing the important terms of the applicable group policies and so informing Ms. Williams/Plaintiffs and similarly situated participants/beneficiaries when appropriate;
>
> (b) Paying Ms. Williams' and similarly situated participants' premiums to MetLife to ensure continued coverage under the terms of the Plans;
>
> (c) Promptly notifying the Ms. Williams/Plaintiffs and similarly situated participants or beneficiaries of any changes to or threatened cancellations of the Plans, any premium payment obligations, conversion rights and reasons for the exercise of conversion rights.

49. Plaintiffs and similarly situated participants and/or beneficiaries timely remitted the premiums and/or properly relied upon Child Inc's payments of same for the Plans prior to Ms. Williams' death and relied on the skill, knowledge, and expertise of Child Inc. and/or relied on Child Inc's representations. As a result of Child Inc's role as Plan Administrator of the Life Plan, it knew and understood that the Ms. Williams and similarly situated participants would rely on Child Inc. to provide such services and expertise to Ms. Williams, Plaintiffs and similarly situated participants and/or beneficiaries.

50. Plaintiffs assert a breach of fiduciary duty against Defendants as individual beneficiaries of the Life Plan and on behalf of all other similarly situated participants and

beneficiaries of the Life Plan.

51. At all material times, Defendants violated these fiduciary duties by, inter alia, the following:

> (a) Consciously and unreasonably and without justification failing to provide accurate and complete disclosure of information to Plaintiffs and similarly situated participants, and/or failed to advise Plaintiffs and similarly situated participants of the important policy provisions and considerations which provided MetLife a purported basis to deny Plaintiffs' life insurance claim and the claims of similarly situated beneficiaries. Defendants failed to inform Plaintiffs or Ms. Williams that the policy would terminate or be cancelled, how to properly pay premiums, or how to convert the policy. Defendants knew or should have known that the above-mentioned representations and/or nondisclosures were false, and each of them, had no intention of providing life insurance benefits to Ms. Williams and similarly situated participants as a result of death;
>
> (b) Failing to advise Plaintiffs or Ms. Williams that any additional information was required for her to continue the life insurance following termination of employment;
>
> (c) Failing to provide Plaintiffs or Ms. Williams with the documentation necessary to complete the conversion of coverage of the Life Plan;
>
> (d) Failing to advise Ms. Williams that she had been terminated or that the group life insurance benefits coverage was not in effect within a reasonable time;

(e) Failing to acknowledge and act reasonably upon communication with respects to the Plaintiffs' claims and the claims of similarly situated beneficiaries arising under the Life Plan;

(f) Failing to give the interests of Plaintiffs and similarly situated beneficiaries, at least as much consideration as it gave its own interests; and

(g) Failing to make good faith attempts to evaluate a prompt, fair and equitable settlement of Plaintiffs' claims and the claims of similarly situated beneficiaries;

52. Each of the fiduciary breaches in paragraph 46 were material misrepresentations and omissions on which Ms. Williams and Plaintiffs relied.

53. As a direct result of Defendants' breach of fiduciary duties owed to the Plaintiffs, Ms. Williams' coverage terminated without her knowledge and Plaintiff's subsequent claim for $63,000.00 in group life insurance death benefits has been denied by MetLife.

54. As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiffs have sustained damages for the loss of Life Plan benefits in the amount of $63,000.00, and equitable relief pursuant to 29 U.S.C. §1132(a)(3), including surcharge, restitution, equitable estoppel, and injunctive and declaratory relief necessary to remedy Defendants' fiduciary breaches and to protect the integrity of the Plan.

## COUNT III: ATTORNEYS' FEES UNDER ERISA (29 U.S.C. §1132(g))

*(Against all Defendants: MetLife, Child Inc & the Plan)*

55. Plaintiffs hereby reincorporate and reallege each and every fact and allegation in paragraphs 1-54 of this Complaint as if fully set forth herein.

56. Plaintiffs are entitled to recover reasonable attorneys' fees and costs under 29 U.S.C. §1132(g) because Defendants' wrongful benefit denial and fiduciary misconduct necessitated litigation, harmed the interests of ERISA participants and beneficiaries, violated ERISA's standards of loyalty and prudence, and a fee award will deter such conduct and effectuate the purposes of ERISA.

57. Plaintiffs are entitled to recover a reasonable attorney's fee and costs of the action herein, pursuant to 29 U.S.C. 1132(g).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Lekeisha McKinley and Renisha McKinley, respectfully pray this honorable Court for the following relief:

(a) Payment of Life Plan benefits in the amount of $63,000.00, or such other amount as is shown at time of trial pursuant to 29 U.S.C. §1132(a)(1)(B) or the equitable equivalent by way of a finding of waiver, estoppel or surcharge pursuant to 29 U.S.C. §1123(a)(3);

(b) Enforcement of Plaintiffs' rights under the terms of the plan pursuant to 29 U.S.C. §1132(a)(1)(B);

(c) Award Plaintiffs' pre-judgment and post-judgment interest at the maximum permissible rates allowed for under ERISA;

(d) Award Plaintiffs their attorneys' fee, costs and other recoverable expenses of litigation pursuant to 29 U.S.C. §1123(g);

(e) Separate and apart from the benefits under the Life Plan, Plaintiffs

  seek disgorgement of any profits Defendants may have realized by the wrongful retention of such benefits and/or premiums;

(f) Award equitable relief pursuant to 29 U.S.C. §1132(a)(3), including surcharge, restitution, equitable estoppel, and injunctive and declaratory relief necessary to remedy Defendants' fiduciary breaches and to protect the integrity of the Plan; and

(g) For such other and further relief as this Court deems just and proper.

Date: February 26, 2026

                 Respectfully Submitted,

                 <u>/s/ Taylor A. Gerchman</u>
                 Taylor A. Gerchman, Esq.
                 LIFE LEGAL SERVICES
                 Attorney ID #
                 324311 30 S 15th
                 St., Ste 1550
                 PMB 37287
                 Philadelphia, PA 19102
                 Tel.: (877)653.3766
                 Taylor@lifelegalservices.com
                 *Attorney for Plaintiff*